IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACARIAS MOUSSAOUI, #51427-054, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-4014-P-BK |
| | § | |
| FEDERAL BUREAU OF PRISONS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a federal inmate incarcerated at the United States Penitentiary ("USP") in Florence, Colorado, filed a *pro se* letter addressed to the U.S. District Court, which was referred to the Magistrate Judge.  *See* 28 U.S.C. § 636(b) and *Special Order 3*.  For the reasons that follow, this action should be dismissed for want of prosecution.

**I. BACKGROUND**

Plaintiff seeks "to be hear[d] on Saudi Prince Turke Al Fousal and Princess Haifa Al Fousal Saud . . . involvement in 9/11 Attack from Dallas." [Doc. 3 at 1].  He asserts that he is willing to testify about his Islamic terrorist activities, and that prison officials at USP Florence have waged a campaign of harassment to discourage him from testifying. [Doc. 3 at 2-4].  He also contends that in June 2014 he was assaulted by a fellow inmate to stop him from testifying, and that prison officials have refused to move him from an Al Qaeda stronghold in his housing unit, where he is subject to death threats by Saudi terrorists and other high profile inmates.  [Doc. 3 at 5].

On November 17, 2014, the Court issued a deficiency order advising Plaintiff that, to the extent he sought to proceed with a civil rights action, he needed to submit a complaint and a motion to proceed in forma pauperis or the $400 filing fee.  [Doc. 4].  The deadline for Plaintiff's

response was December 16, 2014. As of the date of this recommendation, however, Plaintiff has not complied with the Court's deficiency order, nor has he sought an extension of time to do so. He only filed a letter on December 9, 2014, reiterating some of the same assertions as in his prior filing, and adding a request to be placed in protective custody, and advising the Court of a recent assault, hunger strike, and his medical needs. [Doc. 5 at 1].

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's deficiency order. He has impliedly refused or declined to do so, choosing instead to submit a letter reiterating his claims. Absent a proper complaint on the court approved form and a motion to proceed *in forma pauperis* or the $400 filing fee, the Court concludes that Plaintiff does not seek to proceed with a civil action. Therefore, this case should be dismissed without prejudice for lack of prosecution and for failure to comply with a court order. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

Plaintiff is no stranger to the federal courts. During the past ten years, he has filed at least ten cases in federal courts nationwide, two of which were dismissed as frivolous. *See Moussaoui v. Bradley*, No. 1:04-CV-1177 (E.D. Va. Oct. 18, 2004) (administratively dismissing civil rights action as frivolous under 28 U.S.C. § 1915(e)); *Moussaoui v. Brosius*, No. 1:04-cv-

00908 (E.D. Va. Nov. 15, 2004) (same). In addition, contemporaneously with this action, Plaintiff filed three other letters/petitions raising some of the same claims as in this case. *See Moussaoui v. Federal Bureau of Prisons*, No. 5:14-CV-1201 (W.D. Ok. Nov. 3, 2014) (pending review of magistrate judge's recommendation dismissing without prejudice letter petition for improper venue); *Moussaoui v. No Named Respondent*, No. 1:14-CV3179 (D. Co. Nov. 24, 2014) (deficiency order issued in response to petition seeking placement in protective custody transferred from the Eastern District of New York); *Moussaoui v. Federal Bureau of Prisons*, No. 1:14-CV-2656 (S.D. Fl. Dec. 10, 2014) (deficiency orders issued in response to letter/petition).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED January 9, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](); [FED. R. CIV. P. 72(b)](). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Services Automobile Ass'n,]() 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE